IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **DEVON CHEESEBORO,** | : | CIVIL ACTION |
| *Plaintiff,* | : | |
| v. | : | |
| | : | |
| **BYARD, et al.,** | : | No. 22-cv-01781 |
| *Defendants.* | : | |

MEMORANDUM

**KENNEY, J.**                                                                                           **MARCH 22, 2024**

The Court writes for the benefit of the parties and will assume the parties' familiarity with the facts and nature of this case.[1]

Plaintiff Devon Cheeseboro brings this action under 42 U.S.C. § 1983 for violations of his Eighth and Fourteenth Amendment rights under the U.S. Constitution. ECF No. 29 at 1. Cheeseboro filed his original Complaint and Amended Complaint while a prisoner at SCI Chester. ECF No. 2 at 2; ECF No. 29 ¶ 3. As a prisoner, Cheeseboro's Section 1983 claims were subject to the Prison Litigation Reform Act ("PLRA"), which provides that a prisoner must exhaust available administrative remedies before bringing a Section 1983 claim. *See* 42 U.S.C. § 1997e(a).

As of February 7, 2024, Cheeseboro is no longer incarcerated. ECF No. 44 at 2. He now moves to supplement his amended complaint (ECF No. 44) under Federal Rule of Civil Procedure ("Rule") 15(d), which permits a party, with the court's permission, to supplement a "pleading setting out any transaction, occurrence, or event that happened after the date of the pleading." "[T]he decision of whether to permit a plaintiff to file an amended or supplemental complaint

---

[1] *See Jacobs v. Mayorkas*, 2021 WL 1979436 at * 1 (E.D. Pa. May 18, 2021).

under Rule 15 is within a District Court's discretion and is guided by Rule 15's liberal standards." *Garrett v. Wexford*, 938 F.3d 69, 89 (3d Cir. 2019); *see* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). Notably, Rule 15(d) permits a party to supplement a pleading with new facts "even though the original pleading is defective in stating a claim or defense." Fed. R. Civ. P. 15(d).

Here, Cheeseboro seeks to supplement his Amended Complaint with facts related to his release from SCI Chester. *See* ECF No. 44 ¶ 2. Defendants' opposition derives almost fully from the following dicta in *Garrett*: "Rule 15 permits the District Court discretion to deny additional amendments . . . precisely so that litigants will not try to game the system by improperly delaying a case or otherwise causing prejudice to a defendant's validly raised defenses."[2] 938 F.3d at 89. Defendants assert that Cheeseboro is "gam[ing] the system" by using Rule 15(d) to cure a potentially fatal defect to his Amended Complaint, filed when Cheeseboro was incarcerated. *See* ECF No. 46 at 5-6 (quoting *Garrett*, 938 F.3d at 89). That is, Defendants warn that the "sole impetus" behind Cheeseboro's motion "is to avoid [the] PLRA's administrative exhaustion requirement and Defendants' . . . affirmative defense." *Id.* at 3.

Like Defendants, the Court here will follow *Garrett*, but with a different result. In *Garrett*, the Third Circuit did not find that Garrett – a former prisoner like Cheeseboro – had "gam[ed] the system." 938 F.3d at 89. Rather, the Court found that Garrett's supplemental complaint, filed after his release from prison, "relate[d] back to the original complaint" and thus "cure[d] the original filing defect," which was that Garrett filed his original complaint as a prisoner and failed to "first exhaust his administrative remedies by completing the prison grievance process then in effect." *Id.* at 84. The Third Circuit concluded "that there is nothing in the PLRA to indicate that a plaintiff

---

[2] Exhaustion of administrative remedies is an affirmative defense under the PLRA, not a pleading requirement. *See Jones v. Bock*, 549 U.S. 199, 212 (2007).

2

cannot employ Rule 15 to file a supplemental pleading to cure an initial filing defect." *Id.* at 91. Defendants themselves concede that *Garrett* stands for the "*general principle* [that] when a plaintiff files an initial complaint during his incarceration but then files an amended complaint after he has been released from custody, he can avoid the PLRA's administrative exhaustion requirement." ECF No. 46 at 3-4 (citing *Garrett*, 938 F.3d at 84) (emphasis in original).

With respect to the facts here, the Court does not find any overt evidence that Cheeseboro is gaming the system by "causing prejudice to a defendant's validly raised defenses." *Garrett*, 938 F.3d at 89; *see also Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) ("Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility."). Cheeseboro filed his Amended Complaint on October 30, 2023, and now seeks to supplement his complaint with new facts related to the incident and his release from SCI Chester. ECF No. 44, Ex. B. While Defendants may view these facts as "non-substantive" and "inconsequential" to the controversy and relief sought, the Court is not convinced that Cheeseboro seeks to supplement his complaint only to "skirt," the PLRA's exhaustion requirement. ECF No. 46 at 5. Instead, the Court will follow the Third Circuit's conclusion in *Garrett* that "the PLRA does not override the usual operation of Rule 15." 938 F.3d at 87. That is, absent a finding that Cheeseboro is acting with spurious motives, the Court may freely grant Cheeseboro leave to supplement his complaint under Rule 15, even if this means that exhaustion of administrative remedies is no longer available to Defendants as an affirmative defense.[3]

---

[3] The Court notes Defendants' reference to an Order from Judge Rambo in *Rivera v. Wetzel*, C.A. No. 21-41 (M.D. Pa. July 11, 2022), in which Judge Rambo denied Plaintiff's motion for leave to file a third amended complaint. ECF No. 46-1. Judge Rambo found that, pursuant to *Garrett*, "the sole purpose of [Plaintiff's] proposed amended complaint appears to be to 'game the system' and prejudice Defendants' ability to raise the valid defense of failure to exhaust administrative remedies." *Id.* at 2. Judge Rambo does not, however, provide any specific facts to justify this finding. Therefore, it is difficult to adjudge whether and how Judge Rambo's use of discretion to deny Plaintiff's motion to supplement applies to the particular set of facts here. Moreover, the Court finds that Judge Rambo's denial of Plaintiff's motion exemplifies the very use of judicial discretion that Defendants seek the Court to apply to this

4

Accordingly, the Court grants Cheeseboro's Motion for Leave to File a Supplemental Amended Complaint (ECF No. 44). An appropriate Order will follow.

**BY THE COURT:**

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, J.**

---

case. And, as discussed, the Court here will exercise its discretion to grant Plaintiff's motion to supplement pursuant to *Garrett* and Rule 15(d).

4

Accordingly, the Court grants Cheeseboro's Motion for Leave to File a Supplemental Amended Complaint (ECF No. 44). An appropriate Order will follow.

**BY THE COURT:**

/s/ Chad F. Kenney
_____
**CHAD F. KENNEY, J.**

---

case. And, as discussed, the Court here will exercise its discretion to grant Plaintiff's motion to supplement pursuant to *Garrett* and Rule 15(d).